UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>    Movant,<br><br>    v.<br><br>FISCH SIGLER LLP<br><br>    Respondent. | Civil Action No.: 1:22-mc-00049 |

### DECLARATION OF R. WILLIAM SIGLER IN SUPPORT OF FISCH SIGLER'S MEMORANDUM IN OPPOSITION TO LARGAN'S MOTION TO PERMANENTLY STAY ARBITRATION

I, R. William Sigler, declare as follows:

1. I'm a partner at Fisch Sigler LLP. I'm duly licensed to practice law in the Commonwealth of Virginia and the District of Columbia and admitted to practice before this Court. I make this declaration based on my own personal knowledge, unless otherwise indicated, and if compelled to testify, I could and would competently testify to the matters herein. I submit this declaration in support of Fisch Sigler's Memorandum in Opposition to Largan's Motion to Permanently Stay Arbitration.

2. Along with Alan M. Fisch, I negotiated the Retention Agreement with Largan. As part of that process, I drafted and revised the firm's proposals to Largan and the Retention Agreement. I sent or received all the emails between the firm and Largan regarding the Retention Agreement.

3. During the negotiation of the Retention Agreement with Largan in June and July of 2019, Chia-Wen Lee represented Largan at all times. The firm thus sent all communications

about the retention to Ms. Lee, and had phone calls with her about the same. At Ms. Lee's request, Adam Lin, Largan's CEO, was copied on all communications about the firm's proposals and the Retention Agreement. Dr. Lin executed the Retention Agreement for Largan.

4. Ms. Lee also represented Largan throughout Fisch Sigler's representation of Largan. Based on what Ms. Lee told me during Fisch Sigler's representation of Largan, Ms. Lee is licensed to practice law by the New York State Bar, but doesn't have a Taiwanese bar license. I have also verified through the New York State Bar's online resources that Ms. Lee has been an active member of that bar since 2008.

5. During the litigation against Ability Opto-Electronics Technology Co., Ltd. ("AOET"), Newmax Technology Co., Ltd. ("Newmax"), and HP, Inc. ("HP"), the firm updated Ms. Lee daily (and sometimes multiple times per day) via email on case developments and activities. At Ms. Lee's request, Dr. Lin was copied on all these emails, as well. I sent or received all of these emails, and also participated in bi-weekly case status calls with Ms. Lee. During those calls, I and other attorneys at the firm would update Ms. Lee on case developments, including upcoming tasks and deadlines, and answer any questions that Ms. Lee wished to raise about the case. Along with other firm attorneys, I also traveled to Largan's headquarters in Taiwan for case status and preparation meetings in October 2019 and February 2020. Ms. Lee, Dr. Lin, and other Largan employees participated in these meetings.

6. I also sent Ms. Lee (with a copy to Dr. Lin) all case filings (e.g., pleadings, motions, briefs) and discovery requests and responses. She approved all of Largan's filings and discovery requests and responses before they were made or served.

7. I serve as the billing partner at Fisch Sigler, and was responsible for approving all invoices sent to Largan. Fisch Sigler never billed Largan for work that wasn't completed. For

2

example, and contrary to Largan's assertions in its motion, Fisch Sigler completed a technology tutorial—an 11-minute live action video with animations—and provided it to Largan in December 2020. With Ms. Lee's approval, Fisch Sigler submitted that tutorial to the case mediator as part of Largan's mediation statement that same month.

8. During the AOET, Newmax, and HP litigation, Largan regularly expressed satisfaction with Fisch Sigler's work, and timely paid all of the firm's fixed fee invoices.

9. Ms. Lee negotiated a revised fixed fee schedule on behalf of Largan after the case was transferred to the Northern District of California. Largan paid Fisch Sigler's revised fixed fee invoices for litigating the patent infringement action in California from October 2020 through April 2021.

10. Fisch Sigler represented Largan in several matters that went beyond the Retention Agreement. This included defending *inter partes* reviews brought by AOET and HP, and defending a petition for a writ of mandamus HP brought at the Federal Circuit. For those matters, Largan paid Fisch Sigler's fixed fee and hourly invoices timely and without complaint. These matters also included the firm investigating potential patent infringement actions against other targets. Fisch Sigler undertook certain pre-litigation efforts on these new actions before the AOET, Newmax, and HP litigation concluded.

11. In August 2021, Largan asked Fisch Sigler to provide a proposal to work on its next patent infringement case.

12. Largan hasn't paid any success bonus to Fisch Sigler, including the minimum $250,000 fee in the Retention Agreement.

13. After the AOET, Newmax, and HP litigation successfully concluded, Fisch Sigler asked Largan to abide by the terms of the Retention Agreement, which required mediation as an

initial step for resolving "any dispute over the amount of any success bonus." Fisch Sigler asked Largan to engage in such mediation regarding the success bonus on six different occasions. Largan refused each time, asserting that there was no dispute regarding the amount of the success bonus. In so doing, Largan stated that if Fisch Sigler arranged for mediation, Largan had "no intention to participate."

14. Based on information provided to me by Ms. Lee and other Largan employees during the firm's representation of Largan, it's my understanding that Largan employees regularly travel to the United States to meet with Apple and other current and potential Largan customers, and that Largan maintains apartments in the United States for its employees to stay in during those visits.

15. Attached as Exhibit A is a true and correct copy of Fisch Sigler's December 16, 2021 Letter to the D.C. Attorney/Client Arbitration Board ("ACAB").

16. Attached as Exhibit B is a true and correct copy of Ms. Lee's New York State bar profile.

17. Attached as Exhibit C is a true and correct copy of a June 2019 email exchange between Ms. Lee and Alan M. Fisch.

18. Attached as Exhibit D is a true and correct copy of Largan's October 20, 2021 Letter to the ACAB.

Executed on May 26, 2022

                                              */s/ R. William Sigler*
                                              R. William Sigler