# Exhibit D



**HARRIS, WILTSHIRE & GRANNIS LLP**

1919 M STREET NW
SUITE 800
WASHINGTON DC 20036

TEL +1 202 730 1300
FAX +1 202 730 1301
HWGLAW.COM

ATTORNEYS AT LAW

October 20, 2021

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL**
The District of Columbia Bar
Attorney/Client Arbitration Board
901 4th Street, NW
Washington, D.C. 20001
acabinfo@dcbar.org

Dear D.C. Attorney/Client Arbitration Board ("ACAB"):

      We represent Largan Precision Co. ("Largan"), a Taiwanese company, and we write to object to the attempt by Fisch Sigler LLP ("Fisch"), a D.C.-based law firm, to submit a Statement of Claim to the ACAB seeking a "success bonus" of nearly $6 million from Largan. Largan does not agree to arbitrate Fisch's claims, and should Fisch's Statement of Claim be docketed, Largan will not sign the Agreement to Arbitrate and will object to any efforts to compel it to do so.  *See* ACAB Rule 8(b)(ii).

      First, other than including two sentences at the end of its engagement letter purporting to require "mandatory arbitration" of a dispute relating to the firm's fees, Fisch never explained or discussed the meaning or significance of that language to Largan.  Indeed, Fisch made no effort to inform Largan that, by agreeing to such language, Largan would lose its ability to pursue or defend claims in court or before a jury.  For a firm to invoke arbitration against its client, ACAB Rule 8(b)(iii) requires that "the client must have been adequately informed of the scope and effect of a mandatory arbitration provision, consistent with D.C. Bar Legal Ethics Committee Opinion 376."  Fisch did not do so, and, if you so require, Largan is prepared to submit a declaration confirming this fact.

      Second, even if Largan had been adequately informed of the import of Fisch's arbitration language—and it was not—the scope of that language does not encompass the claims that Fisch has submitted to the ACAB.  All of the counts included in Fisch's Statement of Claim relate specifically to its efforts to extract a $5.65 million "success bonus" from Largan. The success bonus Fisch seeks is separate, apart from, and in addition to the more than $4 million in fixed fees that Largan has already paid to Fisch.  Fisch's engagement letter defined its fees to include:

> [A]ll attorneys' fees incurred by the firm, and certain expenses incurred by the firm including: travel and lodging expenses for firm personnel, including airfare, car rental, parking, hotels, and meals; data storage fees; computer service fees; fees for on-line legal research; telephone charges,

> conference calling charges, couriers, overnight delivery, postage, and photocopying; and overtime costs for hourly employees.

Fisch Engagement at 3.  Notably, Fisch's fees do not include any "success bonus," which is addressed separately from the fees later in the engagement letter.  Moreover, while Fisch's engagement letter attempts to require a dispute about the firm's fees to be subject to arbitration before the ACAB (*id.* at 5-6), it provides a different mechanism for handling a dispute relating to the success bonus:

> The firm and the Client agree to engage in good faith discussions to resolve any dispute over the amount of any success bonus due to the firm, and, if such discussions don't resolve that dispute, to then mediate in California in a further attempt to resolve it.

*Id.* at 4.  Fisch's engagement letter thus provides a method for addressing a dispute over the success bonus—mediation in California—separate and distinct from that listed to address a dispute over Fisch's fees—ACAB arbitration.  Fisch's Statement of Claim seeking a success bonus does not fall within the scope of the fee arbitration provision.

Third, in addition to the fatal shortcomings of its failure to adequately inform Largan about the scope and effect of the fee arbitration language, Fisch's engagement letter also encompasses a host of other deficiencies, including but not limited to obtaining non-refundable fixed fee payments from Largan for work that was not performed, providing that the attorney—not Largan—would make the final decisions over which claims to pursue, and purporting to require a "$1,000 weekly administrative charge" in addition to 8% interest on any overdue fees.  Given that the rapacious engagement letter is in many respects in conflict with the Rules of Professional Conduct, it would be manifestly unjust, as well as inconsistent with ACAB Rules and policy, to compel Largan to arbitrate Fisch's request for an additional $5.65 million success bonus above and beyond the millions in fees Largan has already paid it.

Largan objects to arbitrating Fisch's claims before the ACAB and requests that the ACAB return Fisch's Statement of Claim without docketing it.  While the discussion above summarizes why Largan cannot be compelled to arbitrate Fisch's claims, it does not constitute a complete list of Largan's claims and defenses, all of which Largan specifically reserves.

Please do not hesitate to contact us if you need any additional information.

Sincerely,

Charles T. Kimmett

Cc:    J. Saltman, Esq., Fisch Sigler LLP